OFFICE OF THE ATTORNEY GENERAL OF TEXAS
AUSTIN



GERALD C. MANN
ATTORNEY GENERAL

Honorable Tom Seay
County Attorney
Potter County
Amarillo, Texas

Dear Sir:

Opinion No. O-4101

Re: (1) Is Article 12?, Penal Code,
rendered invalid and inoperative
because of the failure of the
Legislature to define the mean-
ing of the terms "master plumber,"
"employing plumber" and "journey-
man plumber" in either the Civil
Statutes or the Penal Code?

(2) If not, by what means can
the meaning of such terms be
determined?

This is to acknowledge receipt of your recent inquiry
upon the questions as stated above. We have given careful con-
sideration to the matter in connection with the brief submitted
by you.

Article 122, Penal Code, reads as follows:

"Any person, whether as master plumber,
employing, or journeyman plumber, engaged in,
working at, or conducting the business of
plumbing without license as provided by law,
shall be fined not less than twenty-five, nor
more than two hundred and fifty dollars."

As originally enacted in 1897, the above Article in
substantially its present form, was Section 6 of Senate Bill No.
154, printed officially as Chapter 163 of the General Laws of
the Twenty-fifth Legislature. We find other sections of the
original legislation, some of which have been amended, now codi-
fied in the Revised Civil Statutes as Articles 1076 to 1081,

inclusive. To intelligently comprehend your problems we here quote such Articles:

"Art. 1076. (986) Severage, etc.

"Every city in this State, however organized, having underground sewers or cesspools, shall pass ordinances regulating the tapping of said sewers and cesspools, regulating house draining and plumbing.

"Art. 1077. (990) Plumbing inspector

"In any such city where there is no city inspector of plumbing provided for by special charter, the governing body shall elect such inspector of plumbing, who shall hold office for such time as fixed by such board. Such inspector of plumbing may be the city engineer, if the board sees fit to elect him.

"Art. 1078. (987-8-9) Board of plumbers

"Such cities shall create a board for the examination of plumbers, to be known as the examining and supervising board of plumbers, to provide for an inspection of plumbing. Members of said board shall receive no compensation for services on said Board. The said board shall consist of the following five persons: A member of the local board of health, if there be such a board of health, and if not, then the city physician or the city health officer, the city engineer, the city inspector of plumbing, a master plumber of not less than ten years active and continuous experience as a plumber, and one journeyman plumber of not less than five years of such active and continuous experience. The mayor and the governing body shall regulate the term each member shall serve; they shall fill all vacancies for the unexpired term of the member whose place is filled.

"Art. 1079. (991) Regulation of plumbers

"The examining and supervising board of plumbers

shall examine and pass upon all persons now
engaged in the business of plumbing, whether
as master, employing, or journeyman plumber,
in their respective cities, and all persons
who may hereafter wish to engage in the busi-
ness of plumbing as master, employing, or
journeyman plumber, within their respective
jurisdictions, and also any person who may
apply for the office of plumbing inspector.
They shall issue a license to such persons
only as shall successfully pass a required
examination. They shall register in a book
to be kept for that purpose, the name and ⋺
place of business of each person to whom a
plumber's license is issued. Such license
shall not be transferable.

"Art. 1080. (992-3-6) License

"The board shall not issue licenses for
more than one year, but the same shall be
renewed from year to year upon proper applica-
tion. Each applicant for said examination for
plumber's license shall pay, to such person
as said board may designate, three dollars for
each master plumber examined, and two dollars
for each journeyman plumber examined, which
fees may be used by said board to defray any
of its legitimate expenses, the residue, if
any, to be paid to the city treasurer. The
examination and examination fee shall not be
required of the same person more than once.

"Art. 1081. (997) License denied

"Except in cities of less than five thou-
sand inhabitants, a license shall not be issued
to any person to carry on or work at the busi-
ness of plumbing, or to act as an inspector of
plumbing, until he has appeared before an ex-
amining or supervising board for examination and
registration, and shall have successfully passed
the required examination."

We are authorized to consider the civil statutes above
quoted in applying your questions to analysis of Article 122,

Penal Code, supra, for as observed in Lowery vs. English (Tex. Civ. App., writ of error refused), 299 S. W. 478, many Articles of the Penal Code are incomplete unless reference is made to the Civil Statutes in aid thereof. Although Article 6 of the Penal Code provides that an unintelligible law is not operative, it expressly authorizes resort to other written laws of the State in construing the various Articles of such Penal Code.

As noted by you, however, neither the Articles quoted from the Revised Civil Statutes, nor any other statutory enactment of the Texas Legislature defines the terms "master plumber," "employing plumber" and "journeyman plumber," and, although we have laboriously traced the legislative history of the original Act of 1897, as well as the amendatory acts to the Civil Statutes (Art. 1076, R.C.S., originally enacted in 1897, amended by Acts 1909, p. 162; Art. 1081, Ibid, amended by Acts 1919, p. 248), we have been unable to find a trace of statutory enlightment manifesting a legislative intent of the meaning to be ascribed to the phrases under investigation.

Article 8 of the Penal Code reads as follows:

"Art. 8 10 Words, how understood

"Words which have their meaning specially defined shall be understood in that sense, though it be contrary to their usual meaning; and all words used in this Code, except where a word, term or phrase is specially defined, are to be taken and construed in the sense in which they are understood in common language, taking into consideration the context and subject matter relative to which they are employed."

Subdivision 1 of Article 10, Revised Civil Statutes, under the general sub-title "Construction of Laws" contains the following:

"Art. 10. (5502) (3268) General rules

"The following rules shall govern in the construction of all civil statutory enactments:

"1. The ordinary signification shall be applied to words, except words of art or words

connected with a particular trade or subject
matter, when they shall have the signification
attached to them by experts in such art or
trade, with reference to such subject matter."

In connection with the last quoted Article, although
it is embraced in the Revised Civil Statutes, it has been held
"equally as applicable, and of binding force in criminal prosecu-
tions." Murray vs. State, 21 Tex. App. 620, 630, 2 S. W. 757,
760, 57 Am. Rep. 623; Bradfield vs. State, 73 Tex. Cr. R. 353,
166 S. W. 734, Ann. Cas. 1917C, 696.

You are correct, in so far as our search reveals, in
saying that there do not seem to be any cases where our courts
have directly passed upon the questions involved herein. Indeed,
the case of Brown vs. State, 74 Tex. Cr. R. 108, 167 S. W. 348,
cited by you, seems to be the only case of a conviction under
Article 122 of the Penal Code reaching our Court of Criminal Ap-
peals, although there have been numerous decisions of our Civil
Appellate Courts construing the Civil Articles copied above.
In addition to Trevitt vs. City of Dallas, (Tex. Civ. App.) 242
S. W. 1073, cited by you, reference is made to Camen vs. Coleman,
100 Tex. 467, 101 S. W. 199, reversing (Civ. App.) 96 S. W. 777;
Parrish vs. Wright, (Civ. App., writ refused) 293 S. W. 659;
Davis vs. Holland, (Civ. App.) 168 S. W. 11; City of Houston vs.
Richter (Civ. App.) 157 S. W. 189; Robinson vs. Galveston (Civ.
App.) 111 S. W. 1078; Baird vs. Fealer, (Civ. App.) 137 S. W.
(2d) 215.

In the Brown case, supra, the accused was convicted
of violating the same statute now under consideration, then Ar-
ticle 131 of the Penal Code of 1911. On appeal the judgment
of conviction was reversed because the State failed to show
that the City of Dallas had underground sewers and cesspools,
or a board of plumbing examiners -- required by provisions of
the Revised Civil Statutes, (now Arts. 1076 and 1078, 1925 Re-
vised Civil Statutes); while the statutory requirements that
the plumbers' examining board should number among its membership
a "master plumber" and a "journeyman plumber" were discussed in
the opinion, the Court of Criminal Appeals did not express its
opinion as to the validity of the statute under which the pro-
secution was brought.

That the point was not raised or discussed seems of
some consequence to us, especially as the cause was reversed

and remanded instead of being ordered dismissed, "as it should have been if the accused stood convicted under an utterly void statute." See Oriental Oil Co. vs. Brown, (Tex. Com. App.) 130 Tex. 240, 242, 106 S. W. (2d) 136, 137.

In the case of Ex parte Beckworth, No. 21,598 (not yet reported), in a habeas corpus appeal to the Court of Criminal Appeals decided on original submission on April 23, 1941, it appears that Roy Beckworth was convicted in the Corporation Court of installing plumbing fixtures in a house in your city-- Amarillo-- without having first obtained a permit as required by a city ordinance, was assessed a fine of fifty dollars, and sought release by the writ. The county court, after a hearing, remanded appellant.

Appellant's contention that the city ordinance of Amarillo is void in that the penalty provided therein for carrying on the business of plumbing without license is in conflict with Article 122, Penal Code, supra, was sustained, and said ordinance held void, it appearing the ordinance provided a fine of not less than twenty nor more than two hundred dollars, whereas the Penal Code Article makes the penalty by fine from a minimum of twenty-five dollars.

Inasmuch as if Article 122, supra, is void for any reason, the point made by appellant must of necessity fall, the opinion of the court raises an almost conclusive presumption to our minds that Article 122 is constitutional. The late lamented Judge Christian of the Commission to aid the Court of Criminal Appeals wrote the opinion, expressly adopted by the Court. In the opinion is found reference to and quotations from the above quoted Articles of the Revised Civil Statutes.

In the various civil suits mentioned above, we find the constitutionality of the plumbing Act as a whole assailed on various grounds, especially in Parrish vs. Wright and Trewitt vs. City of Dallas, and, while the particular point emphasized by you does not seem to have been urged or passed upon, the Act has been generally sustained. See the opinion in the Parrish case, 293 S. W. at p. 662.

In view of the authorities cited and discussed above, especially in the light of the well-known and fundamental rule that our courts will construe the language of a statute, where possible, so as to give effect to, rather than to nullify it,

we are of the opinion that Article 122, Penal Code is valid and operative, and we therefore answer your first question in the negative.

In your second question you wish to know by what means the terms "master plumber", "employing plumber," and "journeyman plumber" are to be determined.

That the Legislature seemed to take cognizance of the same rule announced by the Georgia Court in the case of Felton vs. City of Atlanta, 4 Ga. App. 183, 61 S. E. 27, viz-- that "master plumbers" and "employing plumbers" are one and the same, is evidenced by the fact that in Article 1080, R.C.S., supra, in fixing the license fee there is no distinction between "master" and "employing" plumbers; no mention is made as to the fee to be charged "employing" plumbers, whereas the fee for "master" plumbers is set at three dollars and that for "journey-man" plumbers at two dollars. As Article 1079 requires the examination and license to be granted to all three classes, the omission of the term "employing plumbers" in the license fee statute would appear to warrant such construction. Therefore we are of the opinion that such construction should be followed, and we shall treat the terms "master plumber" and "employing plumber" as synonymous. The terms are so used in the Trewitt case, supra, as shown by the following language in 242 S. W. at p. 1079:

> "* * *. The terms 'employing plumber' and 'journeyman plumber' are technical terms, and each has a well-defined meaning. Those terms as defined and used in the ordinance apply to those who do certain kinds of mechanical work requiring skill and experience. Such work calls for the mechanical skill and experience of a master plumber in the one instance and of a journeyman plumber in the other instance. Such skill and experience is personal to such classes of people; * * *." (Emphasis ours.)

Although the court, in the above quotation asserts that the terms "employing (or master) plumber" and "journeyman plumber" each have "a well-defined meaning," the court does not elucidate to the extent of indicating the same.

From your brief we quote the following:

"In a case tried in our County Court, * * *, the court heard the testimony of expert witnesses in the plumbing business and in his charge to the jury defined such terms as follows:

"'A Master Plumber' is a plumber having a regular place of business, who contracts for and supervises the performance of plumbing work and who himself, or by journeyman plumbers and apprentices in his employ, performs such plumbing work.

"'A "Journeyman Plumber" is a person who has learned the plumbing trade and works at it, not on his own account, but for wages, as a servant or employee of a Master or Employing Plumber.'"

While we do not say unreservedly that such definitions are absolutely correct as a matter of law, they do appear to conform generally to definitions appearing in dictionaries and decisions of courts in other States.

From Webster's New International Dictionary, 2d Edition, we quote the following:

"Plumber" defined:

"Plumber--orig., a worker in lead; now, an artisan who works in lead, zinc, tin, sheet metal, etc.; esp., a tradesman who furnishes, fits, and repairs gas, water, and soil pipes, cisterns, tanks, baths, water closets, and their fittings, and other sanitary and fire-protection apparatus for a house or other building, including the junctions to the mains and sewers. The trade of the gas fitter has in many parts become separated from that of the plumber."

"Journeyman" defined:

"Journeyman--Formerly, a man hired to work by the day; now, commonly, a worker who has learned a handicraft or trade; -- distinguished from apprentice, foreman, and master." (Emphasis in dictionary.)

"Master" defined:

"Master--a workman so proficient as to
be able to follow his trade independently and
teach apprenticeships; hence, a man following
any trade or manufacture on his own account."

And "Master Workman:  One specially skilled
in any art, handicraft, or trade, or who is an
overseer, foreman, or employer."

Also, reference is made to the following cases:  Attor-
ney General vs. Union Plumbing Co., (Mass.) 16 N. E. (2d) 89, 90,
91; Schnair & Co., vs. Grigsby, 61 Misc. 325, 113 N. Y. S. 548,
549; Great Atlantic & Pacific Tea Co. vs. Noppenberger, 171 Md.
378, 189 A. 434, 439; Commonwealth vs. McCarthy, 225 Mass. 192,
114 N. E. 287, 288; Todaro vs. City of Shreveport, (La. App.),
170 S. 356, 360.  And, see:  33 C. J. 917; 38 C. J. 1384.

With reference to the above charge of the court, quoted
from your brief, we direct your specific attention to Article 662,
Code of Criminal Procedure, reading as follows:

"Art. 662. (739) (719) charge in misdemeanor

"The court is not required to charge the jury
in a misdemeanor case, except at the request of
counsel on either side.  When so requested he shall
give or refuse such charges, with or without modifi-
cation, as are asked in writing."

In construing this statute, it has been held by the
Court of Criminal Appeals that in prosecutions for a misdemeanor
(and the punishment prescribed in Art. 122, P. C., makes it such),
errors in the charge, unless fundamental, must not only be ex-
cepted to, but special charges correctly presenting the matters
complained of must be presented, and if refused, excepted to and
be brought before the Court of Criminal Appeals by proper bills
of exception.  Simpson vs. State, 87 Tex. Cr. R. 277, 220 S. W.
777; Berdell vs. State, 87 Tex. Cr. R. 310, 220 S. W. 1101; Bovers
vs. State, 138 Tex. Cr. R. 98, 134 S. W. (2d) 675; and many others.

We think clearly your charge sufficient in the absence
of exception and special charge submitted; whether in such a case
it should then be charged would depend upon the special charge

requested. Without such a charge before us, obviously we cannot pass upon its merits.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED OCT    , 1941

FIRST
ATTORNEY GENERAL

By
Benjamin Woodall
Assistant

BW:RS



APPROVED
OPINION
COMMITTEE

BY BWB
CHAIRMAN